Calvin JOHNSON, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 03–56635.

D.C. No. CV–02–06345–JTL.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted June 10, 2005.

Decided June 16, 2005.

4

Before B. FLETCHER, RYMER and FISHER, Circuit Judges.

### MEMORANDUM *

Calvin Johnson ("Johnson") appeals the district court's order upholding the Social Security Commissioner's denial of his application for benefits. We reverse and remand to the Social Security Administration for further proceedings.

Johnson contends that the Administrative Law Judge ("ALJ") improperly rejected the medical opinions of his treating physician, Dr. Parrish, and credited those of an examining physician, Dr. Harrington, instead. If the ALJ found that Dr. Harrington relied on "independent clinical findings" in formulating her medical opinions, he could credit her opinions over those of Dr. Parrish. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995); *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989). If he did not so find, he could disregard Dr. Parrish's opinion only after "mak[ing] findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Magallanes,* 881 F.2d at 751 (citation and internal quotation marks omitted).

■ The ALJ's order is not sufficiently clear. He rejected Dr. Parrish's opinion ostensibly because Dr. Parrish did not provide any "objective evidence" or "objective clinical findings" to support his opinion. The record, however, contains lengthy notes taken by Dr. Parrish during numerous treatment sessions, indicates that Dr.

---

Andrew T. Koenig, Esq., Attorney at Law, Ventura, CA, for Plaintiff–Appellant.

John C. Cusker, Asst. Reg. Csl., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Parrish relied on a mental status examination conducted by another doctor in his office and reveals that Dr. Parrish relied on the results of a Minnesota Multiphasic Personality Inventory ("MMPI") test that he conducted. The absence of objective evidence was not, therefore, a legitimate reason for disregarding Dr. Parrish's medical opinions.

 To the extent that the ALJ found that Dr. Harrington relied on clinical findings but Dr. Parrish did not, the finding is not supported by substantial evidence. Dr. Harrington conducted only a single mental status examination. In the context of mental health treatment, the difference between the results of Dr. Harrington's mental status examination, which the ALJ appears to have treated as clinical findings, and Dr. Parrish's recorded findings during multiple treatment sessions is difficult to discern. We remand to allow the ALJ to clarify his order and reconsider his weighing of Dr. Parrish's findings if appropriate.

REVERSED and REMANDED.

RYMER, Circuit Judge, dissenting:

I would affirm for the reasons stated by the district court.